LSK&D #: 255-1318 / 2076535
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADEL REZNIK,

                          Plaintiff,

      -against-

MACY'S, INC., a/k/a MACY'S OF NEW YORK,
BRENDA HOWARD and JOHN DOES security
officers employed by the defendants MACY'S,
INC. the identity and number of whom is
presently unknown),

                         Defendants.
------------------------------------------------------------------X

**Index No.: CV 12-5719**

**ANSWER**

**DEFENDANTS DEMAND TRIAL BY JURY**

Defendants, MACY'S, INC. and BRENDA HOWARD by their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated November 14, 2012 respectfully state as follows:

## ANSWERING THE INTRODUCTION

1. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Deny each and every allegation contained in paragraph "2" of the Complaint.

3. Deny each and every allegation contained in the second paragraph "1" of the Complaint.

## ANSWERING JURISDICTION

4. Deny each and every allegation contained in paragraph "2" of the Complaint.

## ANSWERING PARTIES

5. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

6. Admit the allegations contained in paragraph "4" of the Complaint.

7. Admit the allegations contained in paragraph "5" of the Complaint.

8. Admit the allegations contained in paragraph "6" of the Complaint.

9. Deny each and every allegation contained in paragraph "7" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

10. Deny each and every allegation contained in paragraph "8" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

11. Deny each and every allegation contained in paragraph "9" of the Complaint.

12. Deny each and every allegation contained in paragraph "10" of the Complaint.

13. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

15. Deny each and every allegation contained in paragraph "13" of the Complaint.

16. Deny each and every allegation contained in paragraph "14" of the Complaint.

## ANSWERING FACTUAL ALLEGATIONS

17. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "15" of the Complaint.

18. Deny each and every allegation contained in paragraph "16" of the Complaint.

19. Deny each and every allegation contained in paragraph "17" of the Complaint.

20. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

21. Deny each and every allegation contained in paragraph "19" of the Complaint.

22. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

23. Deny each and every allegation contained in paragraph "21" of the Complaint.

24. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint.

25. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint.

26. Deny each and every allegation contained in paragraph "24" of the Complaint except admit that upon information and belief, plaintiff was approached by defendant HOWARD questioned regarding her shoplifting actions and objections of

store personnel and further begs leave to refer all questions of law to the Court at the trial of this action.

27. Deny each and every allegation contained in paragraph "25" of the Complaint.

28. Deny each and every allegation contained in paragraph "26" of the Complaint.

29. Deny each and every allegation contained in paragraph "27" of the Complaint.

30. Deny each and every allegation contained in paragraph "28" of the Complaint.

31. Deny each and every allegation contained in paragraph "29" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

32. Deny each and every allegation contained in paragraph "30" of the Complaint.

33. Deny each and every allegation contained in paragraph "31" of the Complaint.

34. Deny each and every allegation contained in paragraph "32" of the Complaint.

35. Deny each and every allegation contained in paragraph "33" of the Complaint.

36. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

37. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

38. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

39. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

40. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint.

### ANSWERING THE FIRST SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS: (FALSE ARREST)

41. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "39" of the Complaint.

42. Deny each and every allegation contained in paragraph "40" of the Complaint.

43. Deny each and every allegation contained in paragraph "41" of the Complaint.

### ANSWERING THE SECOND SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS: (UNLAWFUL IMPRISONMENT)

44. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "42" of the Complaint.

45. Deny each and every allegation contained in paragraph "43" of the Complaint.

46. Deny each and every allegation contained in paragraph "44" of the Complaint.

### ANSWERING THE THIRD SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS: (MALICIOUS PROSECUTION)

47. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "45" of the Complaint.

48. Deny each and every allegation contained in paragraph "46" of the Complaint.

49. Deny each and every allegation contained in paragraph "47" of the Complaint.

### ANSWERING THE FOURTH SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS: (ASSAULT AND BATTERY)

50. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "48" of the Complaint.

51. Deny each and every allegation contained in paragraph "49" of the Complaint.

52. Deny each and every allegation contained in paragraph "50" of the Complaint.

53. Deny each and every allegation contained in paragraph "51" of the Complaint.

54. Deny each and every allegation contained in paragraph "52" of the Complaint.


### ANSWERING THE FIFTH SEPARATE AND DISTINCT
### CAUSE OF ACTION AGAINST DEFENDANTS:
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

55. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "53" of the Complaint.

56. Deny each and every allegation contained in paragraph "54" of the Complaint.

57. Deny each and every allegation contained in paragraph "55" of the Complaint.

58. Deny each and every allegation contained in paragraph "56" of the Complaint.

59. Deny each and every allegation contained in paragraph "57" of the Complaint.

60. Deny each and every allegation contained in paragraph "58" of the Complaint.

### ANSWERING THE SIXTH SEPARATE AND DISTINCT
### CAUSE OF ACTION AGAINST DEFENDANTS:
### (NEGLIGENT HIRING, TRAINING, SUPERVISING AND RETAINING)

61. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "59" of the Complaint.

62. Deny each and every allegation contained in paragraph "60" of the Complaint.

63. Deny each and every allegation contained in paragraph "61" of the Complaint.

64. Deny each and every allegation contained in paragraph "62" of the Complaint.

65. Deny each and every allegation contained in paragraph "63" of the Complaint.

66. Deny each and every allegation contained in paragraph "64" of the Complaint.

67. Deny each and every allegation contained in paragraph "65" of the Complaint.

68. Deny each and every allegation contained in paragraph "66" of the Complaint.

### ANSWERING THE SEVENTH SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS: (PRIMA FACIE TORT)

69. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "67" of the Complaint.

70. Deny each and every allegation contained in paragraph "68" of the Complaint.

71. Deny each and every allegation contained in paragraph "69" of the Complaint.

### ANSWERING THE EIGHTH SEPARATE AND DISTINCT
### CAUSE OF ACTION AGAINST DEFENDANTS:
### (NEGLIGENCE)

72. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "70" of the Complaint.

73. Deny each and every allegation contained in paragraph "71" of the Complaint.

74. Deny each and every allegation contained in paragraph "72" of the Complaint.

### ANSWERING THE NINTH SEPARATE AND DISTINCT
### CAUSE OF ACTION AGAINST DEFENDANTS: PENDENT
### CLAIM (RESPONDENT SUPERIOR)

75. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "73" of the Complaint.

76. Deny each and every allegation contained in paragraph "74" of the Complaint.

77. Deny each and every allegation contained in paragraph "75" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

### ANSWERING THE TENTH SEPARATE AND DISTINCT
### CAUSE OF ACTION AGAINST DEFENDANTS:
### (PUNITIVE DAMAGES)

78. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "76" of the Complaint.

79. Deny each and every allegation contained in paragraph "77" of the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

80. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AS AND FOR A SECOND SEPARATE DEFENSE

81. That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in her activities and such risks were assumed and accepted by her in performing and engaging in said activities.

## AS AND FOR A THIRD SEPARATE DEFENSE

82. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FOURTH SEPARATE DEFENSE

83. In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c)

by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A FIFTH SEPARATE DEFENSE

84. The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to defendants' conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

85. Any award of punitive damages based upon vague and undefined standards of liability, would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

86. Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

87. Any award of punitive damages resulting from the same course of conduct for which defendants have been or may be found liable for punitive damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

88. Any award of punitive damages must be proportionate to the underlying compensatory damage award. See State Farm Mutual Automobile Insurance Co. v. Campbell, et al., (S.Ct. 2003).

### AS AND FOR A SIXTH SEPARATE DEFENSE

89. Pursuant to the General Business Law §218, plaintiff's Complaint is barred since plaintiff was detained in a reasonable manner and for not more than the reasonable time to permit investigation and questioning by these defendants, and since defendants had reasonable grounds to believe that plaintiff was committing or attempting to commit larceny of merchandise on the premises.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

90. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

91. This Court lacks subject matter jurisdiction as to this action as there is not diversity of citizenship.

### AS AND FOR A NINTH SEPARATE DEFENSE

92. That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

**WHEREFORE**, these answering defendants demand judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:    New York, New York
          February 13, 2013

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

_____
Robert N. Dunn (RND-9193)
Attorneys for Defendants
MACY'S, INC. and BRENDA HOWARD
120 Broadway
New York, New York 10271
(212) 964-6611

TO:

Alexander Roytblat, Esq.
ROYTBLAT & ASSOCIATES, PC
245 W. 17th Street, 5th Floor
New York, NY 10011
Attorneys for Plaintiff
(718) 709-7159

Declaration of Service

I served the annexed ANSWER by first-class mail on the following persons on February 15, 2013:

>Alexander Roytblat, Esq.
>ROYTBLAT & ASSOCIATES, PC
>245 W. 17th Street, 5th Floor
>New York, NY  10011
>Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2013.

_____
MARY E. MAGEE