UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**ADEL REZNIK,**

                      **Plaintiff,**                    **MEMORANDUM**
                                                         **AND ORDER**

                      **-against-**                    **12-CV-5719 (JBW)**

**MACY'S, INC.,**

                      **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In a Letter Motion to Compel filed on April 26, 2013, defendant Macy's, Inc. ("Macy's") seeks to compel plaintiff Adel Reznik ("plaintiff") to appear for a supplemental deposition and to provide responses to questions that her counsel prohibited her from answering at her deposition on April 17, 2013. See Letter Motion to Compel (Apr. 26, 2013) ("Def. Motion"), ECF Docket Entry ("DE") #22. Plaintiff opposes the application. See Response in Opposition (Apr. 30. 2013) ("Pl. Opp."), DE #25. For the reasons that follow, Macy's motion is granted.

        Plaintiff contends in this lawsuit that she was falsely arrested, detained and charged with petit larceny, after moving with certain Macy's merchandise from the fifth to the second floor of that store.[1] The disputed deposition questions concern plaintiff's prior shoplifting arrest and detention at a Macy's store, as well as her medical treatment and claim for damages arising out of the prior incident. See Def. Motion at 1.; see also Transcript of Reznik

---

[1] Macy's contends, and plaintiff disputes, that she had concealed those items in a shoulder bag.

Deposition, attached thereto.

In support of its motion to compel, Macy's argues that the information concerning plaintiff's prior shoplifting incident is relevant to rebut her testimony, at her deposition in this case, that she was unaware that she was not permitted to travel from one floor of the store to another with merchandise that had not been paid for. See Def. Motion at 2. Macy's also argues, *inter alia*, that plaintiff's medical and psychological treatment following the prior incident is relevant to her alleged damages in this case. See id. at 3.

In opposing the motion, plaintiff argues that the information sought is inadmissible, and would "tend to poison the jury. . . ." Pl. Opp. at 2; see id. (proof of the prior incident would "unduly influence the jury" and "irreparably taint the jury"). However, plaintiff ignores the language of this Court's Order to Show Cause, which expressly cited to Rule 30(c)(2) of the Federal Rules of Civil Procedure. See Endorsed Order (Apr. 26, 2013), DE #23 (citing Fed. R. Civ. P. 30(c)(2)). That provision of the Rules, titled "Objections," reads as follows:

> An objection at the time of the examination . . . must be noted on the record, *but the examination still proceeds; the testimony is taken subject to any objection*. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2) (emphasis added). Simply put, plaintiff's counsel violated the rule by directing his client not to answer the questions; he should have noted the objections on the record -- thereby preserving his challenges to admissibility -- and allowed plaintiff to respond

2

to those questions.[2]

Plaintiff's opposition to Macy's motion to compel does not even mention, let alone discuss, the mandate of Rule 30(c)(2). This Court is not tasked with determining the admissibility of the evidence at trial -- that question should be addressed to the trial court, the Honorable Jack B. Weinstein. Rather, the issue before this Court is whether the information is discoverable and, more importantly, whether plaintiff should be rewarded for her counsel's violation of Rule 30(c)(2). But for plaintiff's counsel's improper preclusion of Macy's inquiries, the parties would have had a sufficiently developed record upon which they could litigate before the trial court the admissibility of the evidence. Had plaintiff immediately moved under Rule 30(d)(3) to limit the deposition, the Court would have denied the motion, inasmuch as Macy's has a good faith legal and factual basis for propounding questions concerning the prior shoplifting incident and the claims and injuries resulting therefrom.

For the foregoing reasons, the Court grants Macy's motion to compel plaintiff to appear for a supplemental deposition and to answer such questions. Plaintiff is to be produced for her supplemental deposition on or before May 7, 2013, on a date convenient to Macy's counsel. To the extent that Macy's is seeking to modify any of the other deadlines previously set by the Court, see Letter Motion for Extension of Time (Apr. 30, 2013), DE #26; Order (Mar. 7, 2013) ("3/7/13 Order"), DE #18; Minute Entry (Mar. 15, 2013), DE #19; that motion is

---

[2] Notably, plaintiff did not move this Court to terminate or limit the deposition under Rule 30(d)(3), and therefore he does not fall within any of the exceptions to Rule 30(c)(2). See generally Fed. R. Civ. P. 30(d)(3)(A) ("At any time *during a deposition*, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.") (emphasis added).

3

denied, as Judge Weinstein has scheduled trial to commence on June 3, 2013, with *in limine* motions to be heard on May 28, 2013.  See 3/7/13 Order.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **May 1, 2013**

                                /s/ *Roanne L. Mann*
                                **ROANNE L. MANN**
                                **UNITED STATES MAGISTRATE JUDGE**